SINGLETON LLC
Brian D. Singleton, Esq. N.J. Bar #047342017
14 Walsh Drive Suite #202
Parsippany, New Jersey 07054
Phone:  973.261.5960
Fax:  973.201.0241
brian@singletonllc.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VILLAGE SUPER MARKET, INC. and its subsidiary, VILLAGE SUPER MARKET OF PA, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CIVIL ACTION NO.:<br><br><br><br>**COMPLAINT**<br>**AND JURY DEMAND** |

Plaintiff Village Super Market, Inc. and its subsidiary, Village Super Market of PA, LLC (referred to herein as "Plaintiff" or "Corporation"), by and through its attorneys, files this Complaint against defendant, United States of America ("Defendant") and alleges as follows:

### PRELIMINARY STATEMENT

1.  Plaintiff brings this suit against defendant for the recovery of federal income tax and related interest erroneously assessed against and collected from plaintiff by defendant for plaintiff's tax periods ending July 30, 2016 and July 29, 2017.

1

## PARTIES

2. Village Super Market of PA, LLC is a limited liability company organized under the laws of the State of Pennsylvania, with a principal place of business located in Springfield, New Jersey and is a wholly owned subsidiary of Village Super Market Inc. Village Super Market of PA, LLC was formerly known as Village Super Market of PA, Inc., having completed a statutory conversion from corporation to limited liability company under the laws of the State of Pennsylvania on July 27, 2016.

3. Plaintiff Village Super Market, Inc., is a corporation organized under the laws of the State of New Jersey with a principal place of business located at 733 Mountain Ave. Springfield, New Jersey and is the taxpayer for refund purposes for tax years 2016 and 2017 and thus is the Plaintiff for all tax years at issue in this case.

4. Defendant is the United States of America named pursuant to 26 U.S.C. § 7422. The actions complained of herein were taken by Defendant through its officials or agencies, including the Internal Revenue Service ("IRS").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1340, and 1346(a)(1) and 26 U.S.C. § 7422, which grant this Court jurisdiction over claims for refund of federal income taxes and interest thereon.

6. Venue is proper in this Court under 28 U.S.C. § 1402(a)(2), which authorizes a corporation bringing a cause of action for a refund under section 1346(a)(1) to prosecute the action in the judicial district where the corporation's principal place of business or principal office is located. Plaintiff's principal place of business or principal office is located in Springfield, New Jersey, making venue in this Court appropriate.

## FACTUAL ALLEGATIONS

### Filing of Corporation's 2016 Tax Return

7. During all relevant periods, Corporation filed and reported its federal income taxes on a permissible fiscal year basis.

8. Corporation's Form 1120, United States Corporate Income Tax Return ("Form 1120") for its taxable year beginning July 26, 2015 and ending July 30, 2016 (the "2016 Tax Year") was originally due on December 15, 2016.

9. On October 14, 2016, Corporation, through its tax return preparer, KPMG, LLP, a certified public accountancy firm ("KPMG"), electronically filed Form 7004, Application for Automatic Extension of Time To File Certain Business Income Tax, Information, and Other Returns ("Form 7004"), with the IRS, extending the due date of Corporation's Form 1120 for the 2016 Tax Year (the "2016 Form 1120") to May 15, 2017.  Said Form 7004 was electronically filed by way of submission through an Authorized IRS *e-file* Provider (an "Authorized Provider"), which then transmitted the form to the IRS's Modernized e-File ("MeF") system (such act of filing with the IRS through an Authorized Provider to the MeF system is hereinafter referred to as "E-Filing" and such filed documents are hereinafter referred to as having been "E-Filed").  A true copy of Corporation's Form 7004 for the 2016 Tax Year, together with an E-Filing Acceptance Status Report, is attached to this Complaint at Exhibit A.

10. On April 7, 2017, an officer of the Corporation signed Form 8879-C, IRS e-file Signature Authorization for Form 1120 ("Form 8879-C") authorizing KPMG to E-File its 2016 Form 1120, and on April 10, 2017, KPMG timely E-Filed Corporation's 2016 Form 1120.  A true copy of Corporation's 2016 Form 1120 (with certain schedules, worksheets and supplemental

3

forms omitted), together with Form 8879-C and an E-Filing Acceptance Status Report is attached to this Complaint at Exhibit B.

11. Corporation's 2016 Form 1120 was filed on a consolidated basis, on behalf of it and its subsidiary, Village Super Market of PA, Inc (now known as Village Super Market of PA, LLC).

12. Corporation's 2016 Form 1120 reported total tax due of $14,398,700, all of which was paid by Corporation and received by the United States Department of Treasury on or prior to the due date on December 15, 2016.

13. On December 18, 2019, an officer of the Corporation digitally signed Form 8879-C, authorizing KPMG to E-File a Form 1120-X, Amended U.S. Corporation Income Tax Return ("Form 1120-X") with respect to the 2016 Tax Year (the "2016 Amended Return").

14. Upon information and belief, on March 25, 2020, KPMG E-Filed Corporation's 2016 Amended Return.  A true copy of Corporation's 2016 Amended Return (with certain schedules, worksheets and supplemental forms omitted), together with Form 8879-C, is attached to this Complaint at Exhibit C.

15. Corporation's 2016 Amended Return claimed a refund in the amount of $90,148, all of which was attributable to the Work Opportunity Tax Credit under section 51 of the Internal Revenue Code. Corporation provided the following Explanation of Changes on the return:

> **"The amended return reflects an additional Work Opportunity Credit in the amount of $90,148 (Form 1120, Page 3, Line 5C). The credit was reported to the taxpayer on Form 1099-PATR, but inadvertently omitted from the originally filed return."**

16. Corporation's 2016 Amended Return reduced Corporation's Line 4 total tax due for the 2016 Tax Year from $14,398,700 to $14,308,552, a reduction of $90,148, all of which was

identified as an overpayment on Line 11, and all of which was requested to be refunded to Corporation on Line 12 of its 2016 Amended Return.

**Filing of Corporation's 2017 Tax Return**

17. As stated above, Corporation filed and reported its 2017 federal income taxes on a permissible fiscal year basis.

18. Corporation's Form 1120 for its taxable year beginning July 31, 2016 and ending July 29, 2017 (the "2017 Tax Year") was originally due on December 15, 2017.

19. On November 14, 2017, Corporation, through KPMG, E-Filed Form 7004 with the IRS, extending the due date of Corporation's Form 1120 for the 2017 Tax Year (the "2017 Form 1120") to May 15, 2018. A true copy of Corporation's Form 7004 for the 2017 Tax Year, together with an E-Filing Acceptance Status Report, is attached to this Complaint at Exhibit D.

20. On April 16, 2018, an officer of the Corporation digitally signed Form 8879-C, authorizing KPMG to E-File its 2017 Form 1120, and on that date KPMG timely E-Filed Corporation's 2017 Form 1120. A true copy of Corporation's 2017 Form 1120 (with certain schedules, worksheets and supplemental forms omitted), together with Form 8879-C and an E-Filing Acceptance Status Report is attached to this Complaint at Exhibit E.

21. Corporation's 2017 Form 1120 reported total tax due of $9,486,627 all of which was paid by Corporation and received by the United States Department of Treasury on or prior to the due date on December 15, 2017.

22. On December 18, 2019, an officer of the Corporation digitally signed Form 8879-C, authorizing KPMG to E-File a Form 1120X with respect to the 2017 Tax Year (the "2017 Amended Return").

23. Upon information and belief, on March 25, 2020, KPMG, E-Filed Corporation's 2017 Amended Return. A true copy of Corporation's 2017 Amended Return (with certain schedules, worksheets and supplemental forms omitted), together with Form 8879-C, is attached to this Complaint at <u>Exhibit F</u>.

24. Corporation's 2017 Amended Return made a timely claim for refund in the amount of $281,194, all of which was attributable to the Work Opportunity Tax Credit under section 51 of the Internal Revenue Code. Corporation provided the following Explanation of Changes on the return:

> **"The amended return reflects an additional Work Opportunity Credit in the amount of $281,194 (Form 1120, Page 3, Line 5C). The credit was reported to the taxpayer on Form 1099-PATR, but inadvertently omitted from the originally filed return."**

25. Corporation's 2017 Amended Return reduced Corporation's Line 4 total tax due for the 2017 Tax Year from $9,486,627 to $9,205,433, a reduction of $281,194, all of which was identified as an overpayment on Line 11, and all of which was requested to be refunded to Corporation on Line 12 of its 2017 Amended Return.

**E-filing and Rejection of Corporation's 2016 Amended Return and 2017 Amended Return**

26. As set forth above, KPMG E-Filed Corporation's 2016 Amended Return and 2017 Amended Return (together, the "Amended Returns") with the IRS through an authorized electronic return transmitter to the MeF system.

27. The instructions to Form 1120X, which was last revised in 2016, direct taxpayers in the "Where to File" section, to "[f]ile this form at the applicable Internal Revenue Service Center where the corporation filed its original return." Corporation E-Filed its 2016 Form 1120 and its 2017 Form 1120, and accordingly, it E-Filed its Amended Returns.

28. IRS guidance available in 2020, when the Amended Returns were filed, indicated that corporations were not only permitted, but *required* to file tax returns and any amended returns electronically. IRS Publication 4164 (Rev. 10-2019) provides (and continues to provide in its most recent revision):

> **"The IRS has issued final regulations (T.D. 9363) requiring electronic filing of corporate returns (1120, 1120- F and 1120-S) and exempt organization returns (990 series). Both amended and superseding returns are required to be e-filed if the taxpayer is required to file electronically, unless a taxpayer has received an approved waiver to file that return on paper."**

The final regulations referenced in the foregoing excerpt were issued on November 13, 2007.

29. The Amended Returns were E-Filed on March 25, 2020, prior to the expiration of 3 years from the date of filing of Corporation's 2016 Form 1120 (on April 10, 2017), and 2017 Form 1120 (on April 16, 2018).

30. In August 2021, during a review of its accounts receivable, Corporation realized that it had not received the refunds claimed through the Amended Returns.

31. A thorough review of Corporation's correspondence at that time revealed that it had not received any communications from the IRS with respect to the Amended Returns or the claimed refund.

32. Accordingly, in August 2021, Corporation contacted KPMG to inquire as to the status of the refund.

33. KPMG utilized third party software known as Thomson Reuters GoSystem Tax RS Income Tax software ("GoRS") to E-File Corporation's Amended Returns with the IRS. GoRS is an Authorized Provider and an "authorized transmitter," authorized by the IRS to send electronic

return data directly to the IRS by interfacing directly with IRS computers, specifically, the MeF system.

34. In reviewing its electronic submission records KPMG concluded that the Amended Returns were submitted for E-Filing through GoRS on March 25, 2020, transmitted to the IRS MeF system, were received by the IRS, and upon receipt by the IRS, the IRS MeF system rejected the Amended Returns.

35. Upon information and belief, the IRS received the Amended Returns, reviewed the Amended Returns, and subsequently rejected the Amended Returns.

36. Neither KPMG nor Corporation received any notice making it aware of the rejection at the time of filing, or at any time thereafter.

37. Because neither Corporation nor its representative were notified of the rejection, Corporation did not attempt to re-submit the Amended Returns to the MeF system, and did not immediately file the return via alternative means (i.e. by filing a paper copy of the return).

38. Additionally, neither the Corporation nor KPMG had received any communication from the IRS disallowing the Taxpayer's refund claim.

39. In October 2021, Corporation filed a paper copy of its Amended Returns, which perfected its original E-Filing. The paper-filed returns were substantively identical to the rejected returns E-Filed through the MeF on March 25, 2020.

40. On March 9, 2022, the Corporation received a Claim Disallowance (Letter 105C) from the IRS, advising it that its claim for a refund of federal income tax in the amount of $281,194 with respect to the 2017 Tax Year was disallowed, as a result of the claim being filed "more than 3 years after [Corporation] filed [its] tax return" and "more than 2 years after [Corporation] paid

8

the tax or balance due.  A true copy of Internal Revenue Service Letter 105C to Corporation dated March 9, 2022 is attached to this Complaint at <u>Exhibit G</u>.

41. On March 17, 2022, the Corporation received a Claim Disallowance (Letter 105C) from the IRS, advising it that its claim for a refund of federal income tax in the amount of $90,148.00 with respect to the 2016 Tax Year was disallowed, as a result of the claim being filed "more than 3 years after [Corporation] filed [its] tax return" and "more than 2 years after [Corporation] paid the tax or balance due.  A true copy of Internal Revenue Service Letter 105C to Corporation dated March 17, 2022 is attached to this Complaint at <u>Exhibit H</u>.

42. On July 1, 2022, Corporation timely protested the claim disallowances by the IRS in its Letters 105C dated March 9, 2022 and March 17, 2022, and sought review of the IRS's determination through the Independent Office of Appeals.

43. On March 6, 2024, the IRS Independent Office of Appeals notified Corporation that its protest had been denied.

44. The Corporation is the sole owner of the claims set forth in this complaint and the Corporation has not made any assignment of said claims.

**COUNT ONE-2016**

45. Plaintiff repeats and realleges the allegations as set forth in the preceding paragraphs of this Complaint and incorporates same by reference into this Count as if fully set forth at length herein.

46. On April 10, 2017, Plaintiff timely filed a Form 1120 for the tax year ending July 30, 2016.

47. Plaintiff timely paid to the IRS taxes reported on its Form 1120 for the tax year ending July 30, 2016.

48. Plaintiff timely filed Form 1120X requesting a refund for the tax year ending July 30, 2016.

49. By notice dated March 17, 2022, the IRS disallowed the claim in full.

50. As a result of the IRS's failure to allow its claim for refund, Plaintiff has overpaid income taxes for the tax year ending July 30, 2016, in the amount of $90,148. Plaintiff is entitled to a refund and interest as allowed by law.

**COUNT TWO-2017**

51. Plaintiff repeats and realleges the allegations as set forth in the preceding paragraphs of this Complaint and incorporate same by reference into this Count as if set forth fully at length herein.

52. On April 16, 2018, Plaintiff timely filed a Form 1120 for the tax year ending July 29, 2017.

53. Plaintiff timely paid to the IRS taxes reported on its Form 1120 for the tax year ending July 29, 2017.

54. Plaintiff timely filed Form 1120X requesting a refund for the tax year ending July 29, 2017.

55. By notice dated March 9, 2022, the IRS disallowed the claim in full.

56. As a result of the IRS's failure to allow its claim for refund, Plaintiff has overpaid income taxes for the tax year ending July 29, 2017, in the amount of $281,194. Plaintiff is entitled to a refund and interest as allowed by law.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff requests that the Court enter judgment against defendant:

1. in the amount of $90,148 for the taxable year ending July 30, 2016 or such other amount as may be legally refundable, plus interest as provided by law;

2. in the amount of $281,194 for the taxable year ending July 29, 2017, or such other amount as may be legally refundable, plus interest as provided by law;

3. for plaintiff's costs and fees associated with this action, including reasonable attorney's fees; and

4. for such other and further relief as the Court may deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury as to all issues in this matter so triable.

Dated: March 8, 2024

        Respectfully submitted,

        /s/ Brian D. Singleton
        Brian D. Singleton, Esq. (N.J. #047342017)
        Singleton LLC
        14 Walsh Drive, Suite 202
        Tel.:  973.261.5960
        Fax:  973.201.0241
        Email: *Brian@Singletonllc.com*
        Attorneys for Plaintiff